**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**MARK THORP
1029 16ᵗʰ Street, N.E.
Washington DC 20002
(202) 438-0394**

**v.**

**THE DISTRICT OF COLUMBIA
Mayor Muriel Bowser
John A. Wilson Building
1350 Pennsylvania Avenue, NW
Washington, DC 20004**

Serve:

        **Office of the Attorney General
        Claims Unit, 6ᵗʰ Floor
        441 4ᵗʰ Street NW
        Washington, DC 20001**

**and**

**LISA LaFONTAINE
President & Chief Executive Officer
WASHINGTON HUMANE SOCIETY
1201 New York Avenue, NE
Washington, DC 20002**

**and**

**RAMEY JOSEPH KYLE
2008 Bryant Street NE
Washington DC 20018**

              **Defendants**

**1:15-cv-00195 JEB**

**FIRST AMENDED COMPLAINT**

This is a complaint for injunctive relief demanding the return of the Plaintiff's dog and for monetary damages for destruction of the Plaintiff's property, injury to the Plaintiff's person and reputation, deprivation of civil rights under color of state authority and for such injuries caused by the Defendants and other unknown persons by a conspiracy to deprive the Plaintiff of his civil rights and to injure him in retaliation for the exercise of such civil rights.

## STATEMENT REGARDING D.C. CODE § 12-309

On February 9, 2015, prior to the filing of this lawsuit, the undersigned attorney did cause to be hand delivered and faxed to the District of Columbia Office of Attorney General and the Office of the Mayor, a copy of this Complaint, providing statutorily sufficient notice of all claims herein, including the dates and locations of such wrongful conduct to the extent presently known to the Plaintiff.

## JURISDICTION AND PARTIES

1.     The Plaintiff offers causes of action arising under 42 U.S.C. § 1983 for being subjected to a deprivation of his rights, privileges, and/or immunities secured by the Constitution and applicable law, by persons acting under color of the authority of the government of the District of Columbia.

2.     The Plaintiff further offers causes of action arising under 42 U.S.C. § 1985 for injuries resulting from two or more persons conspiring to prevent, by force, intimidation, or threat, any person from discharging the duties incumbent of an office of the United States where such duties are required to be performed, and two or more

2

persons conspiring to deter, by force, intimidation, or threat, the Plaintiff's participation in proceedings in this Court, and to injure the Plaintiff's person and property on account of his having attended such proceedings, and to impede, hinder, obstruct, defeat the due course of justice with intent to deny the Plaintiff the equal protection of the laws, and to injure the Plaintiff and his property for lawfully enforcing his rights to the equal protection of the laws.  Such Defendants named herein have so conspired, and acted affirmatively in furtherance of the object of such conspiracy.

3.      Under 28 U.S.C. § 1331, the United States District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States, including 42 U.S.C. §§  1983 and 1985.

4.      The Plaintiff asks this Court to declare his rights and other legal relations.

5.      Under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq.*, the United States District Court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

6.      Jurisdiction further predicated upon 28 U.S.C. § 1361, insofar as the officer(s) of the Washington Humane Society may be found to be officers or employees of an agency of the United States.

7.      The Plaintiff offers additional causes of action arising under common law, including Abuse of Process and Malicious Prosecution.

8.      Under 28 U.S.C. § 1367, the United States District Court shall have shall have supplemental jurisdiction over all other claims that are so related to claims in the

action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9.      The Plaintiff's common law claims are so related to the Federal law claims that they form part of the same case or controversy.

10.     The Plaintiff asserts that certain of these common law claims are necessarily "federal" common law claims required to fill minor gaps in existing federal law, particularly as to the capacity and nature of the authority of the Washington Humane Society.

11.     "The inevitable incompleteness presented by all legislation means that interstitial federal lawmaking is a basic responsibility of the federal courts." *United States v. Little Lake Misere Land Co., Inc.*, 412 U.S. 580, 593 (1973).  The United States District Court therefore has 28 U.S.C. § 1331 federal question jurisdiction for such federal common law questions herein.

12.     Plaintiff Mark Thorp is a natural person, a resident and citizen of the District of Columbia.

13.     The District of Columbia is a municipal corporation capable of being sued.

14.     Defendant LaFontaine is the President and CEO of the Washington Humane Society, an organization chartered by Congress.  She is sued in her official capacity to compel the organization to act in conformance with the law and in her individual capacity as to her ability to render compliance with the Court's orders in equitable relief.

4

15.     Defendant LaFontaine and the Washington Humane Society are law enforcement agents of the District of Columbia and act with color of state authority.

16.     Defendant Kyle is a sworn member of the District of Columbia Metropolitan Police Department and a resident of the District of Columbia.  He is sued in his individual capacity.

17.     All of the events complained of herein occurred within the District of Columbia.

### RELEVANT FACTS

18.     Non-party Kathy Henderson is an Advisory Neighborhood Commissioner, an elected neighborhood representative to the District of Columbia government.

19.     From 2011 to 2014, Plaintiff Thorp's company, JVLHC, LLC, was a plaintiff in a lawsuit against Henderson for libel and slander.  *JVLHC, LLC, et al. v. Henderson*, 2011 CA 3696 B (D.C. Sup. Ct. 2011).  Prior to the filing of the lawsuit, Henderson repeatedly published defamatory statements regarding JVLHC, LLC and others on internet "blogs", falsely claiming JVLHC, LLC to be in violation of the law and a danger to the public.  Henderson's allegations included repeated unfounded reports to the Metropolitan Police Department that the Plaintiff was a drug dealer.

20.     On June 26, 2014, the Superior Court entered judgment for JVLHC, LLC and against Henderson for $97,789.31 in damages; $36,994.27 in attorney's fees; $1,901.77 in attorney's fees awarded by a previous order dated June 18, 2012; $707.52 in court costs; additional costs of $3,600.00 and $600.00 in expert witness fees.

21.     Such judgment was recorded with the District of Columbia Recorder of Deeds on July 1, 2014.

22.     On August 29, 2014, the Clerk of the Superior Court issued a writ of *fieri facias* directing the United States Marshal to seize and sell Henderson's goods and chattels in execution of the judgment.

23.     Henderson owns a condominium unit at 2440 16th Street NW, Unit 119 as a rental property.

24.     On information and belief, shortly after proceedings in execution began for the 16th Street property, unknown members of the executive staff of the Metropolitan Police Department of the District of Columbia attempted to interfere and delay the execution of judgment by asserting inappropriate political influence upon the United States Marshal.

25.     As a result the writ of execution was returned to the Clerk of the Superior Court unexecuted.

26.     JVLHC, LLC sued in this Court for mandamus and declaratory judgment against the Marshal, *JVLHC, LLC v. Hughes*, 1:14-cv-01747, but despite representations to the Court of the pendency of execution by the United States Attorney, more than five months have passed without any apparent attempt to sell Henderson's condominium.

27.     On January 12, 2015, Superior Court Judge Brian Holeman denied Henderson's Motion for a Stay of Execution in the original *JVLHC, LLC* case.

28.     Henderson has filed no appeal brief in her appeal of the Superior Court judgment.

29.     Defendant Kyle works in the Fifth District Headquarters of the Metropolitan Police Department, in the same area served by Henderson's Advisory Neighborhood Commission.

30.     Defendant Kyle is the police official in charge of the Fifth District Vice Unit/Special Mission Unit.

31.     The Fifth District Vice Unit/Special Mission Unit is the police unit specifically responsible for enforcing narcotics violations and other unlawful drug trade in the police district where the Plaintiff resides.  The Fifth District Vice Unit does not enforce animal violations.

32.     Defendant Kyle lives in, or in close proximity to, the same area served by Henderson's Advisory Neighborhood Commission.

33.     On information and belief, Defendant Kyle has regularly communicated with Henderson via email, telephone, internet "blog" postings and in person since the time of the judgment against her.

34.     On information and belief, Defendant Kyle has regularly communicated with Henderson and unknown members of the Metropolitan Police Department Command Staff to conspire to use assets of the Metropolitan Police Department to intimidate and retaliate against the Plaintiff for his exercise of ordinary civil processes to seek redress against Henderson for her tortious acts.

35.     The United States District Court has previously suppressed evidence obtained by Defendant Kyle because of Kyle's inability or unwillingness to conform to the limitations of the Fourth Amendment in conducting searches of private property

without probable cause or lawful authority.  See, *e.g.*, *United States v. Dubose*, 1:05-cr-00372-JDB-1, ECF Docket # 30 (D.D.C. 2006).

36.     Such misconduct of Defendant Kyle was and is known to the Defendant District of Columbia.

37.     Despite such knowledge of Defendant Kyle's unconstitutional conudct, the District of Columbia continues to promote Kyle to higher levels of authority affording him commensurately lower levels of supervision.

38.     Since the filing of the *Hughes* lawsuit, uniformed members of the Metropolitan Police Department have posted themselves in front of the Plaintiff's residence on an ongoing basis, in a nearly continuous act of intimidation towards him.

39.     The Plaintiff has been repeatedly stopped and seized on the street by members of the Metropolitan Police Department Fifth District Vice Unit and subjected to non-consensual searches of his person and vehicle without probable cause.

40.     On the morning of February 4, 2015, a public notice by the United States Marshal, published in the Washington Times Newspaper, indicated for the first time that Henderson's property would be sold at auction.

41.     On that morning, police officers began writing parking tickets on the Plaintiff's automobiles legally parked on private property and began taunting the Plaintiff by yelling into the windows of his residence.

42.     Shortly thereafter on that same morning, members of the Metropolitan Police Department's Fifth District Vice Unit, including Defendant Kyle, simultaneously smashed down three doors of the Plaintiff's residence in a "no knock" execution of a

search warrant, purportedly and solely for an allegation of animal cruelty regarding the Plaintiff's dog.

43.     Such warrant was devoid of probable cause that any offense had occurred.

44.     Such warrant was devoid of probable cause that any evidence of any offense would be found inside the Plaintiff's home.

45.     Such warrant was based solely upon the false statements of the Fifth District Metropolitan Police Officers who had posted themselves in front of the Plaintiff's home for the purpose of intimidating him.

46.     No knock executions of search warrants are made solely for the purpose of inhibiting drug dealers from destroying evidence of such drug trade.  Such no knock executions of warrants are categorically prohibited in the District of Columbia.

47.     Despite immediately finding upon entry the Plaintiff's pedigreed dog to be in good health and temperament, and without any evident injury or mistreatment, Defendant Kyle seized the Plaintiff's dog as "evidence".

48.     After finding no evidence of animal cruelty, Defendant Kyle began opening closed containers within the Plaintiff's residence, and began "field testing" capsules he found therein for illegal drugs.

49.     Such searches by Defendant Kyle exceeded the limited scope of the defective animal cruelty warrant authorized by the Superior Court.

50.     After claiming one such capsule he found inside a closed container to have tested positive for amphetamines, Defendant Kyle sought an additional search warrant from the Superior Court for the capsules he had already obtained through his initial illegal search of the Plaintiff's residence.

51.     The Plaintiff has a current and legal prescription for at least one amphetamine based pharmaceutical.

52.     The Plaintiff was arrested and charged by Defendant Kyle with animal cruelty and possession of illegal drugs.

53.     Such charges lacked any factual basis of lawfully obtained evidence supporting probable cause.

54.     The cash receipts of the Plaintiff's two nightclub businesses found in his residence were seized by Defendant Kyle without explanation and have not been returned.

55.     Such cash was seized without any lawful authority.

56.     Other valuable property of the Plaintiff, including jewelry, was stolen by unknown persons at the time of the raid.

57.     Numerous items of the Plaintiff's property, including nearly all of his furniture, was destroyed by Metropolitan Police Officers including Kyle at the time of the raid.

58.     The Plaintiff's dog has been seized by the Washington Humane Society without any kind of hearing or recourse and the Washington Humane Society refuses to release the dog to anyone including the Plaintiff.

59.     Such dog was seized without any lawful authority.

60.     Such dog is now being deprived of exercise and companionship of the Plaintiff.

61.     The Plaintiff is now being deprived of the companionship of his dog.

62.     The dog is being maintained in a facility in close contact of diseased and dangerous animals and is in immediate danger of theft, injury, disease or death.

63.     Immediately following the raid, the United States Attorney's Office informed the Defendants that the dog was of no evidentiary value to the prosecution.  The Defendants failed to inform the Plaintiff of this fact until midnight on February 13, 2015.

## COUNT I
### Deprivation of Property Interest.

64.     Paragraphs 1 through 63 are incorporated by reference as if fully set forth and repeated herein.

65.     The Plaintiff's dog and other property have been seized without lawful cause.

66.     The Plaintiff's dog and other property have been seized for an unlawful purpose.

67.     The Plaintiff's dog and other property have been intentionally damaged or destroyed.

68.     The Plaintiff has been provided with no pre-deprivation or post-deprivation remedy or hearing.

69.     The Plaintiff has been informed by the Washington Humane Society that he will not receive any post-deprivation hearing.

70.     The Plaintiff has been deprived of such property without due process of law.

71.     The Plaintiff has been directly and proximately injured by the deprivation.

## COUNT II
## Deprivation of a Liberty Interest

72.     Paragraphs 1 through 71 are incorporated by reference as if fully set forth and repeated herein.

73.     The Plaintiff exercised his ordinary First Amendment rights of participation in collective litigation to redress grievances against Henderson, a District of Columbia elected government official.

74.     In retaliation for such exercise of such ordinary First Amendment rights, the Defendant District of Columbia, through its policymakers, and together and through Defendant Kyle, have injured the Plaintiff through direct and indirect intimidation, his unlawful arrest, the violation of the sanctity of his home, the seizure of his property without due process, the imposition of ongoing burdensome limitations on his freedom, and the ongoing deprivation of the companionship and well being of his dog.

75.     The Plaintiff has been directly and proximately injured by the deprivation to include severe emotion distress.

76.     Such emotional distress was an intended result of these Defendants' actions.

77.     Such deprivation was condoned or directed by policymakers of the Metropolitan Police Department and amounts to an official policy or custom of the District of Columbia Government.

## COUNT III
## Deprivation of Due Process
### *Facial Challenge to 24 DCMR § 1514*

78.     Paragraphs 1 through 77 are incorporated by reference as if fully set forth and repeated herein.

79.     This Court has previously found the animal seizure proceedings in the District of Columbia to be constitutionally defective due to a lack of a post deprivation hearing.  *Daskalea v. Wash. Humane Soc'y*, 480 F. Supp. 2d 16 (D.D.C. 2007).

80.     Subsequent remedial rulemaking by the Defendant District of Columbia made new provisions for a post-deprivation hearing, however 24 DCMR § 1514 requires that any such hearing be stayed pending any criminal proceedings.

81.     Such rulemaking is the official policy and custom of Defendant District of Columbia.

82.     Such rulemaking deprives the Plaintiff of a constitutionally required prompt post-deprivation hearing.

83.     The Plaintiff has been directly and proximately injured as a result of the defective rulemaking.

84.     The Plaintiff continues to be directly and proximately injured as a result of the defective rulemaking.


## COUNT IV
## Fourth Amendment Deprivation

85.     Paragraphs 1 through 84 are incorporated by reference as if fully set forth and repeated herein.

86.     The Plaintiff' home has been broken into and searched by the Defendants and other persons acting under the color of state authority.

87.     The Plaintiff's property has been seized, damaged, converted and/or destroyed  by the Defendants and other persons acting under the color of state authority.

88.     The Defendants acted without information which would constituted probable cause that the Plaintiff' committed a crime and that evidence of such crime would be found within the Plaintiff's home.

89.     The Defendants knowingly and repeatedly acted beyond the scope of what was permitted by the Superior Court in conducting such search.

90.     The Defendants have stolen or seized property of the Plaintiff which was known to them to be of no evidentiary value to any criminal proceeding.

91.     The Plaintiff has been directly and proximately injured by the Defendants' illegal conduct.

## COUNT V
### Negligent Supervision/Negligent Retention

92.     Paragraphs 1 through 91 are incorporated by reference as if fully set forth and repeated herein.

93.     Defendant Kyle is known by the Metropolitan Police Department to conduct unlawful searches of private property.

94.     Rather than discipline Defendant Kyle or remove him from service as a police officer, the District of Columbia has rewarded and encouraged such misconduct by greater pay, less supervision and greater authority in a series of promotions and transfers.

95.     Such conduct by the District of Columbia demonstrates a deliberate indifference to the Plaintiff's constitutional rights.

96.     Had the District of Columbia removed Defendant Kyle from service as a police officer upon learning of his misconduct, the Plaintiff would not have been injured.

97.     Had the District of Columbia properly supervised Defendant Kyle, the Plaintiff would not have been injured.

## COUNT VI
### Conspiracy to deprive Plaintiff of Civil Rights

98.     Paragraphs 1 through 97 are incorporated by reference as if fully set forth and repeated herein.

99.     Defendant Kyle and other persons, including Henderson, have conspired to deprive the Plaintiff of his ordinary constitutional rights.

100.    Defendant Kyle has made affirmative acts in furtherance of such conspiracy.

101.    The Plaintiff has been directly and proximately injured as a result of such conspiracy and affirmative acts.

## COUNT VII
### Common Law Malicious Prosecution

102.    Paragraphs 1 through 101 are incorporated by reference as if fully set forth and repeated herein.

103.    Defendant Kyle and other unknown persons initiated a criminal proceeding against the Plaintiff.

104.    Defendant Kyle knew, or should have known, no probable cause existed to believe the Plaintiff had committed any crime.

105.    Defendant Kyle and other unknown persons instituted the criminal proceeding maliciously.

106.    Defendant Kyle and other unknown persons instituted the criminal proceedings to retaliate against the Plaintiff for his civil proceedings against Henderson, a primary purpose other than of bringing an offender to justice.


## COUNT VIII
## Abuse of Process

107.    Paragraphs 1 through 106 are incorporated by reference as if fully set forth and repeated herein.

108.    By arresting the Plaintiff and seizing his property, Defendant Kyle made an improper and illegal use of the District of Columbia's criminal process.

109.    Defendant Kyle did so with an ulterior motive, to retaliate against the Plaintiff for his civil claims against Henderson.

110.    The Plaintiff was directly and proximately injured by Kyle's arrest and seizure.


## COUNT IX
## Injunctive Relief I

111.    Paragraphs 1 through 110 are incorporated by reference as if fully set forth and repeated herein.

112.    The Plaintiff demands the immediate return of his dog to him.

113.    The District of Columbia has no evidence whatsoever that the dog is injured, in poor health or in any way has been mistreated.

114.    The dog is of no evidentiary value to the prosecution of the Defendant's criminal claims.

115.    In the lesser desired alternative, the Plaintiff demands the dog be turned over to his veterinarian, his attorney or another person designated by the Plaintiff, such that the dog may be liberated from the Washington Humane Society dog pound and the dog's ongoing proper care ensured.


## COUNT X
## Injunctive Relief II

116.    Paragraphs 1 through 115 are incorporated by reference as if fully set forth and repeated herein.

117.    The Plaintiff demands the cessation of all unlawful interference and retaliation by the Defendants for his participation in the aforementioned civil proceedings and execution in judgment.


WHEREFORE, the Court should enter an order directing Defendant LaFontaine to immediately return the Plaintiff's dog to him or to a third party on behalf of the Plaintiff acceptable to the Court.  The Plaintiff further requests that this Court enter an Order granting him damages in an amount according to proof under applicable law, plus interest at the maximum legal rate, attorney's fees, punitive damages, and such other and further relief as this Court deems equitable and just.

The Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

_____
Matthew August LeFande
Attorney at Law PLLC
4585 North 25th Road
Arlington VA 22207
Tel: (202) 657-5800
Fax: (202) 318-8019
matt@lefande.com
DC Bar # 475995
Attorney for the Plaintiff