UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK THORP,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>　　　Defendants. | Civil Action No. 15-195 (JEB) |

## MEMORANDUM OPINION

Plaintiff Mark Thorp alleges that Metropolitan Police Department officers have conspired to injure him. He claims that they have, among other things, seized his dog, ransacked his home, stolen his property, and generally subjected him to illegal harassment and intimidation. Seeking recompense, Thorp filed this suit against the District of Columbia, MPD Officer Ramey Kyle, and Lisa LaFountaine, the President and CEO of the Washington Humane Society, which aided in the dog's capture. According to Thorp, Defendants' actions are payback for his successful suit against Advisory Neighborhood Commissioner Kathy Henderson, in which she was ordered to sell her home to satisfy the judgment.

Thorp's Amended Complaint demanded the return of his dog, cessation of the harassment, sale of Henderson's property, and monetary damages for a slew of tortious activity. Since that filing, however, the facts on the ground have changed significantly. As a result, Defendants now file a Motion for a More Definite Statement. Believing a new Complaint will clarify the issues remaining, the Court will grant the Motion.

**I.    Background**

In his Amended Complaint, filed on February 15, 2015, Thorp alleges that Kyle,

1

unknown members of the MPD Command Staff, and Henderson (not named as a defendant) have conspired to intimidate and retaliate against him for enforcing a June 26, 2014, judgment obtained against Henderson in a separate suit. See Am. Compl., ¶ 34. Plaintiff specifically asserts that officers have "posted themselves" in front of his residence as a "nearly continuous act of intimidation toward him." Id., ¶ 38. He claims to have been "repeatedly stopped and seized on the street" by police and "subjected to non-consensual searches of his person and vehicle without probable cause." Id., ¶ 39. On the same day (February 4, 2015) that a local newspaper indicated that Henderson's property would be sold at auction to pay the judgment, police officers wrote tickets on Plaintiff's vehicles while they were "legally parked on private property." Id., ¶¶ 40-41.

Later that day, Kyle and other officers "smashed down" three doors of Plaintiff's residence and seized his dog. Id., ¶¶ 42-47. This seizure was allegedly effected under the authority of the Washington Humane Society, without hearing or recourse, and Thorp devotes a large portion of the Amended Complaint to countering allegations against him of animal abuse and to demanding the dog's return. See id., ¶¶ 58-71, 74, 79-84, 112-15.

In the course of this "raid" on Thorp's home, police also snatched cash receipts of his two nightclub businesses, cash, and jewelry. Id., ¶¶ 54-57. Plaintiff's property, including "nearly all of his furniture," was destroyed, id., ¶ 57, and Kyle took pharmaceuticals from Thorp's home for "field testing," for which he only obtained a warrant after the fact. See id., ¶¶ 48, 50. At the end of this ordeal, Kyle arrested Thorp for animal cruelty and possession of illegal drugs. See id., ¶ 52.

Although this was where the Amended Complaint ended, subsequent events have substantially altered the picture. First, the dog was released to Plaintiff's attorney. See Mot. at

1; Opp. at 1.  Second, Plaintiff thereafter dismissed LaFountaine from the action.  See Notice of Voluntary Dismissal re Lisa LaFountaine.  Third, the United States Marshal Service sold Henderson's property to enforce the judgment.  See Opp. at 4.  Fourth, on May 22, 2015, the Superior Court dismissed all criminal charges against Thorp.  See id. at 2.

Yet that is not all.  In his Opposition to Defendants' Motion, Thorp provides entirely new information regarding the U.S. Attorney's Office's abandonment of its prosecution of his animal-cruelty and drug-possession charges.  For example, in a "Statement of Facts," Thorp claims he "produced web log postings of Henderson praising Kyle for his policework" to evince the existence of conspiracy.  See Opp. at 3.  In the same vein, Plaintiff newly alleges a sexual relationship between Kyle and Thorp's former girlfriend and an inter-office relationship between two police offers who entered Plaintiff's home.  Id. at 2.  He also elaborates that "eighty thousand dollars in cash" was taken and contends for the first time that this sum was the result of "Plaintiff having two lawful cash-only businesses in close proximity to his home."  Opp. at 3.

Defendants have now moved for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

## II.     Legal Standard

Rule 12(e) permits a defendant to move for a more definite statement if "a pleading . . . is so vague or ambiguous that the party cannot reasonably prepare a response."  "[W]hen a defendant is unclear about the meaning of a particular allegation in the complaint, the proper course of action is not to move to dismiss but to move for a more definite statement." Hilska v. Jones, 217 F.R.D. 16, 21 (D.D.C. 2003) (citing Am. Nurses' Ass'n v. Illinois, 783 F.2d 716, 725 (7th Cir. 1986) (citations omitted)).  "Normally, of course, the basis for requiring a more definite statement under Rule 12(e) is unintelligibility, not mere lack of detail."  Burnett v. Al Baraka

Inv. and Dev. Corp., 274 F. Supp. 2d 86, 110 (D.D.C. 2003) (citations omitted).  Indeed, "a plaintiff need not allege all the facts necessary to prove its claim so long as [he] provides enough factual information to make clear the substance of that claim."  Wilson v. Gov't of D.C., 269 F.R.D. 8, 12 (D.D.C. 2010) (citing Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC, 148 F.3d 1080, 1086 (D.C. Cir. 1998)).

A more definite statement, furthermore, may be ordered where changed circumstances and the passage of time render the current status of a case unclear.  See U.S. ex rel. Coots v. Reid Hosp. & Health Care Servs., No. 10-0526, 2012 WL 1098930, at *2 (S.D. Ind. Apr. 2, 2012).  Indeed, there are occasions where "an amended complaint that more precisely explicates [the plaintiff's] factual allegations and legal claims will benefit both the parties and the [c]ourt."  Koch v. White, No. 12-1934, 2014 WL 1273427, at *1 (D.D.C. Mar. 31, 2014).

**III.    Analysis**

In seeking a more definite statement here, Defendants argue that the materially changed landscape of the case renders it difficult for them to know which claims against which Defendants remain.  This is a sensible position.  As set forth above, key forms of relief sought – *e.g.*, the return of the dog and the sale of Henderson's property – have been accomplished.  In addition, Defendants understandably cannot discern what role the new factual allegations in Thorp's Opposition play.

Plaintiff nonetheless rejoins that Defendants act as if "the return of the Plaintiff's dog has somehow made him whole" and now "ignore" the other alleged harms.  See Opp. at 1.  That is not the case.  To grant a 12(e) motion does not deny Thorp the ability to seek relief for his injuries, but instead simply requires him to articulate them more clearly so that Defendants may adequately respond.  A new Complaint clarifying what he now seeks would aid everyone here.

4

This case is akin to Reid Hospital, in which the court converted the defendants' motion to dismiss into a motion for a more definite statement because the plaintiff's circumstances had so greatly changed since the initial filing nearly one year prior.  See Reid Hospital, No. 10-0526, 2012 WL 1098930, at *2.  The court reasoned that because two of the original defendants and one count had been dismissed, a more explicit statement of the facts supporting the action was warranted.  See id.; cf also Woodruff v. Mineta, 215 F. Supp. 2d 135, 139 (D.D.C. 2002) (granting Rule 12(e) motion where "[t]he defendant believe[d] the 'confusion' [could] be resolved by the plaintiff simply submitting an amended complaint where he explains in a short factual statement . . . the actions that form the bases of his claims . . . ") (internal citation omitted).  The Court believes the same is appropriate here.

**IV.     Conclusion**

Based on the foregoing, the Court will issue a contemporaneous Order that grants Defendants' Motion.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  June 29, 2015