UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK THORP,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

Civil Action No. 15-195 (JEB)

## MEMORANDUM OPINION

Plaintiff Mark Thorp originally brought this suit alleging that he was the victim of an unlawful search and seizure by the District's Metropolitan Police Department in February 2015. Now, he claims that other D.C. officials "launch[ed] a new and even more outrageous criminal investigation" against him in March 2018. See ECF No. 111 (Reply) at 3. He thus seeks leave to file a supplemental complaint pursuant to Federal Rule of Civil Procedure 15(d) and separately moves for a preliminary injunction based on the allegations therein. The Court will deny both Motions.

**I.    Background**

The allegations underlying Plaintiff's suit are discussed at length in the Court's previous Opinion in this matter, see Thorp v. Dist. of Columbia, 142 F. Supp. 3d 132 (D.D.C. 2012), and the Court will not recount them chapter and verse. A brief synopsis will suffice, coupled with a recap of this case's various twists and turns.

On February 9, 2015, Thorp filed this suit against the District of Columbia and MPD Lieutenant Ramey Kyle, claiming that they had targeted him for an unlawful search and seizure.

1

See ECF No. 22 (Second Amended Complaint). More specifically, he believes Kyle conspired with other MPD members to execute a "no knock" search warrant "purportedly and solely for an allegation of animal cruelty regarding the Plaintiff's dog." Id., ¶ 42. Thorp states that the warrant was unfounded, was intended to intimidate him, and did not yield any evidence of animal cruelty. Id., ¶¶ 43-50.

While executing that original warrant, Kyle allegedly found substances that tested positive for amphetamines. Id., ¶ 54. Plaintiff insists that he had a "current and legal prescription" for the pharmaceuticals and that Kyle knew of said prescription. Id., ¶¶ 55-58. Nevertheless, "Kyle sought an additional search warrant" following that discovery, id., ¶ 54, leading to a second "raid" of Thorp's home. Id., ¶¶ 59, 64. Kyle then arrested him on the charges of animal cruelty and possession of illegal drugs. Id., ¶ 59. Plaintiff further alleged that during and after the two searches, Kyle and his MPD team destroyed certain valuable property, injured him and his dog, and "subjected [him] to burdensome and humiliating conditions of pre-trial release" before the criminal charges were dropped. Id., ¶¶ 64-80.

Seeking redress for these injuries, Plaintiff sought a temporary restraining order or preliminary injunction; after the Court denied the former and Plaintiff withdrew the latter, he settled for a chance to amend his Complaint. See 142 F. Supp. 3d at 137. He filed his First Amended Complaint on February 15, 2015, see ECF No. 12, and added a Second Amended Complaint on July 13, 2015, in response to Defendants' Motion for a More Definite Statement. See ECF No. 22 (SAC). That last Complaint, which remains the operative pleading in this case, originally advanced ten separate counts under 42 U.S.C. §§ 1983, 1985, and the common law of the District of Columbia. See SAC, ¶¶ 81-133. After Defendants subsequently moved to dismiss, see ECF Nos. 23, 24, 26, the Court winnowed the claims to the following: Counts II and

III against Kyle only, for limited Fourth Amendment violations; Count IV against the District only, under the D.C. common law of negligent supervision and retention; and Counts VIII and IX, consolidated into a single abuse-of-process claim, against Kyle on a direct-liability theory and against the District on a vicarious-liability theory. See 142 F. Supp. 3d at 149.

The case thereafter proceeded to discovery, which — after multiple extensions and several disputes — lasted from December 15, 2015, until August 14, 2017. Following a few more roadblocks, see ECF No. 43 (denying Plaintiff's Second Motion for a Preliminary Injunction), ECF No. 48 (denying without prejudice Plaintiff's Motion to File a Supplemental Complaint), the parties both moved for summary judgment. On April 1, 2018, those briefs finally became ripe.

Were that it was so straightforward. On March 30, 2018, as briefing concluded, Plaintiff moved for leave to file a Second Supplemental Complaint, see ECF No. 103, and also sought a preliminary injunction based on facts alleged in that pleading. See ECF No. 104. To wit, Thorp alleges that an officer with the D.C. Office of Taxation and Revenue, Bruce Traina, has served him with a series of summonses demanding he produce fifteen years of financial records for six different companies. See ECF No. 103-1 (SSC), ¶ 8. Plaintiff believes that such summonses were issued in retaliation for prosecuting his instant lawsuit against the District and "to interfere with his further prosecution thereof." Id., ¶ 33; see also id., ¶¶ 15-16 (noting summonses were issued "less than two weeks" after Plaintiff produced evidence showing "some of the most serious of the allegations against the other Defendants"). He thus seeks to add four counts against Traina, as well as against Conrad Risher, the District's lead attorney in this case.

3

## II. Legal Standard

Federal Rule of Civil Procedure 15(d) allows the Court, "[o]n motion and reasonable notice . . . [and] on just terms," to permit a party to serve a supplemental pleading setting forth events that have happened since the filing of its complaint. "Rule 15(d) is used to set forth new facts that update the original pleading or provide the basis for additional relief; to put forward new claims or defenses based on events that took place after the original complaint or answer was filed; to include new parties where subsequent events have made it necessary to do so." United States v. Hicks, 283 F.3d 380, 386 (D.C. Cir. 2002) (citation omitted). The Rule thus "promote[s] as complete an adjudication of the dispute between the parties as is possible." Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1504 (3d ed. 2018).

Courts typically resolve motions to supplement under Rule 15(d) and motions to amend under Rule 15(a) via the same standard. See, e.g., Banner Health v. Burwell, 55 F. Supp. 3d 1, 8 n.9 (D.D.C. 2014); Wildearth Guardians v. Kempthorne, 592 F. Supp. 2d 18, 23 (D.D.C. 2008). While the Court has "broad discretion in determining whether to allow supplemental pleadings," Jones v. Bernanke, 685 F. Supp. 2d 31, 35 (D.D.C. 2010), it shall ordinarily give leave when justice so requires. See Fed. R. Civ. P. 15. Under Rule 15, a district court must provide sufficient reason to deny leave to amend, such as "undue delay, bad faith or dilatory motive . . . [or] repeated failure to cure deficiencies by [previous] amendments." Foman v. Davis, 371 U.S. 178, 182 (1962).

## III. Analysis

Thorp believes that the Government has tried to "teach him a lesson for challenging the government and its police officers," and he has asked this Court to enjoin any such efforts. See PI Mot. at 3. To proceed, however, he must first supplement his Complaint with these new

4

allegations. Otherwise, he has no grounds for injunctive relief, as the operative Second Amended Complaint currently contains nothing related to retaliation or the contested subpoenas. And "a preliminary injunction may not issue . . . when it deals with matter outside the issues in the underlying suit." 11A Fed. Prac. & Proc. Civ. § 2947; see also Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997) ("[D]istrict court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); Sai v. Transp. Sec. Admin., 54 F. Supp. 3d 5, 9 (D.D.C. 2014) (noting that court "lacks jurisdiction over a [preliminary-injunction] motion when it raises issues different from those presented in the complaint") (internal quotation marks omitted). Thorp's request for a preliminary injunction will thus rise and fall with his Motion to Supplement.

When considering such a request, "the trial court [is] required to take into account any prejudice that the [opposing party] would . . . suffer[] as a result." Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-31 (1971). Indeed, "the prejudice to the opposing party . . . [i]s among the most important reasons to deny leave to amend." AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 725 (2d Cir. 2010) (internal quotation marks omitted); see also Djourabchi v. Self, 240 F.R.D. 5, 13 (D.D.C. 2006) (noting "possibility of prejudice" is "most important factor" to consider).

Prejudice may arise when the proposed complaint "adds new parties or at least entails more than an alternate claim or a change in the allegations of a complaint." LSSi Data Corp. v. Time Warner Cable, Inc., 2012 WL 933078, at *2 (S.D.N.Y. Mar. 20, 2012) (internal citations omitted); see also Chandler v. James, 783 F. Supp. 2d 33, 39 (D.D.C. 2011) ("[U]nrelated claims against new defendants [are] inappropriate."). Thorp's Second Supplemental Complaint would do exactly that. In his operative Complaint, he challenged two searches of his residence and an

5

arrest that occurred in early 2015. By contrast, his latest allegations relate to events fully distinct from those underlying factual allegations— summonses from the D.C. Office of Taxation and Revenue investigation, which purportedly were issued over three years later in retaliation for this litigation. His claims, moreover, implicate two new defendants (Traina and Risher), while including no allegations against the current parties (Kyles and the District).

Such prejudice is particularly pronounced because Plaintiff's Motion arrives "at a critical juncture of [the] case." LSSi Data, 2012 WL 933078, at *2 (internal quotation marks omitted). Not only have "the issues in this case . . . been narrowed" by the Court's prior Opinion, see Am. Soc. For Prevention of Cruelty to Animals (ASPCA) v. Ringling Bros. & Barnum & Bailey Circus, 246 F.R.D. 39, 44 (D.D.C. 2007), but the parties' cross-motions for summary judgment are now ripe. Ordinarily, the "strongest argument" in favor of allowing leave to file a supplemental complaint is "judicial economy." Health Ins. Ass'n of Am. v. Goddard Claussen Porter Novelli, 213 F.R.D. 63, 66 (D.D.C. 2003) (citation omitted). In this case, however, granting Plaintiff's request would only "unduly increase discovery" — a process that has already lasted more than 19 months — and delay a resolution on the merits. See Djourabchi, 240 F.R.D. at 13. The Court hesitates to "further complicate and lengthen this already protracted litigation and cause undue burden and expense" to the current Defendants. See ASPCA, 246 F.R.D. at 44.

Finally, when evaluating whether to allow a supplemental complaint, the Court should also consider "whether the denial of the amendment or supplement compromises plaintiff['s] chances of recovery." Health Ins., 213 F.R.D. at 66 (internal quotation marks omitted) (alteration in original). There is no such risk here. Thorp "is free to recast the arguments of [his] supplemental complaint as a complaint in a new, perhaps related, action before this court." SRS Technologies v. United States, 843 F. Supp. 740, 747 (D.D.C. 1994). Once he does, he may also

seek a preliminary injunction on the allegations in his properly filed new complaint.  Indeed, "Plaintiff assures a new action will be filed forthwith together with another application for an injunction."  Reply at 9.  The Court believes that is the more proper course, as these claims "belong in different suits."  Chandler, 783 F. Supp. 2d at 39 (quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)).

## IV. Conclusion

For the foregoing reasons, the Court will deny Plaintiff's Motion to File a Supplemental Complaint and Motion for a Preliminary Injunction.  It will issue a contemporaneous Order so stating.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  April 27, 2018